UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ALQUANDRE H. TURNER,<br><br>　　　　　　　　　　　Petitioner,<br>　v.<br>RENEE BAKER, et al.,<br><br>　　　　　　　　　　　Respondents. | Case No. 3:17-cv-00151-HDM-VPC<br><br>ORDER |

Petitioner Alquandre H. Turner has submitted a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1-1).[1] As he has paid the filing fee, his application to proceed *in forma pauperis* (ECF No. 1) shall be denied as moot. It appears from the petition that it may be subject to dismissal as time-barred.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Further, a properly filed petition for state postconviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2).

In his federal petition, Turner states that he wishes to challenge the judgment of conviction in state case no. 06C219519 (ECF No. 1-1, p. 1). He indicates that the judgment of conviction was entered on June 20, 2006. *Id.* This court takes judicial

---

[1] Turner styles his petition a § 2241 petition. However, he claims that he is in custody pursuant to a state-court judgment in violation of his federal constitutional rights; thus the petition is properly construed as a § 2254 petition.

1

notice of the Nevada Supreme Court docket, which indicates that the state supreme court affirmed Turner's conviction on April 6, 2007, and remittitur issued on May 2, 2007. Nevada Supreme Court Case No. 47722. Turner indicates that an amended judgment of conviction was entered on October 21, 2014 (ECF No. 1-1, p. 1). The Nevada Supreme Court docket reflects that it affirmed the amended judgment to correct a clerical error on June 10, 2015, and remittitur issued on July 6, 2015. Nevada Supreme Court Case No. 66911. Turner dispatched his federal habeas petition on or about March 9, 2017. It appears, therefore, that Turner failed to file his federal habeas petition before the AEDPA one-year limitations period expired.

Turner may be entitled to equitable tolling of the one-year limitations period if he can establish that he diligently pursued his rights and some extraordinary circumstance stood in his way. *See Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The petitioner will be given the opportunity to show that either the instant petition was not filed beyond the one-year statute of limitations, or that he is entitled to equitable tolling of the time limitation.

**IT IS THEREFORE ORDERED** that the Clerk shall **DETACH, FILE, and electronically SERVE** the petition (ECF No. 1-1) on respondents.

**IT IS FURTHER ORDERED** that the Clerk shall add Adam Paul Laxalt, Nevada Attorney General, as counsel for respondents. No action is required by respondents until further order by this court.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** from the date of entry of this order to show cause and file such proof he may have to demonstrate that the petition for writ of habeas corpus was timely filed within the one-year time limitation or that he is entitled to equitable tolling of the time period. He shall also set forth a complete and accurate history, with dates, of any state postconviction

proceedings presented to the state district court and the Nevada Supreme Court, including direct appeal and state habeas petitions.

**IT IS FURTHER ORDERED** that if petitioner is unable to demonstrate that the petition for writ of habeas corpus was filed within the limitations period or that he is entitled to equitable tolling, the court will enter an order dismissing the petition.

DATED: April 17, 2017.

_____
HOWARD D. MCKIBBEN
UNITED STATES DISTRICT JUDGE