UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ALQUANDRE H. TURNER,<br><br>                Petitioner,<br>v.<br><br>RENEE BAKER, et al.,<br><br>                Respondents. | Case No. 3:17-cv-00151-HDM-VPC<br><br>ORDER |

This is Alquandre H. Turner's 28 U.S.C. § 2254 habeas corpus petition. Criminal Justice Act (CJA) counsel Mario D. Valencia has filed a motion to withdraw as counsel for Turner (ECF No. 31). Good cause appearing, the motion is granted.

Also before the court is respondents' motion for leave to file Turner's presentence investigation report *in camera* and under seal (ECF No. 29). While there is a presumption favoring public access to judicial filings and documents, *see Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978), a party seeking to seal a judicial record may overcome the presumption by demonstrating "compelling reasons" that outweigh the public policies favoring disclosure, *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citations omitted); *see also Center for Auto Safety v. Chrysler Group, LLC.*, 809 F.3d 1092 (9th Cir. 2016). In general, "compelling reasons" exist where the records may be used for improper purposes. *Kamakana*, 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598).

Here, respondents explain that the presentence investigation report contains confidential information. They also state that the report contains sensitive information

concerning Turner's crimes, pre-sentencing statements and statements by his family that could jeopardize the safety of petitioner and of his family. The motion is granted.

**IT IS THEREFORE ORDERED** that Mario D. Valencia's motion to withdraw as counsel (ECF No. 31) is **GRANTED**. Mario D. Valencia **is released as counsel**.

**IT IS FURTHER ORDERED** that Christopher R. Oram, a CJA panel attorney for the United States District Court, District of Nevada, will represent petitioner in all future proceedings in this court relating to this matter (including subsequent actions) and appeals therefrom, pursuant to 18 U.S.C. § 3006A (a)(2)(B), until allowed to withdraw.

Mr. Oram's contact information appears below:

Christopher R. Oram
520 South 4th Street
2nd Floor
Las Vegas, NV 89101
702-598-1471
contact@christopheroramlaw.com

**IT IS FURTHER ORDERED** that CJA counsel Christopher R. Oram enter a notice of appearance within **20 days** of the date of this order.

**IT IS FURTHER ORDERED** that the scheduling order dated April 23, 2021, at ECF No. 23 is **VACATED**.

**IT IS FURTHER ORDERED** that petitioner's motion for extension of time to file an amended petition (ECF No. 28) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that respondents' motion for leave to file exhibit *in camera* and under seal (ECF No. 29) is **GRANTED**.

**IT IS FURTHER ORDERED** that CJA counsel for petitioner must meet with petitioner as soon as reasonably possible to: (a) review the procedures applicable in cases under 28 U.S.C. § 2254; (b) discuss and explore with petitioner, as fully as possible, the potential grounds for habeas corpus relief in petitioner's case; and (c) advise petitioner that all possible grounds for habeas corpus relief must be raised at this time and that the

failure to do so will likely result in the omitted grounds being barred from future review under the rules regarding abuse of writ.

**IT IS FURTHER ORDERED** that counsel for petitioner file an amended petition for writ of habeas corpus that includes all known grounds for relief (both exhausted and unexhausted) within **90 days**.

**IT IS FURTHER ORDERED** that respondents file a response to the petition within **90 days** of service of the petition.  Petitioner will then have **45 days** from service of the answer, motion to dismiss, or other response to file a reply or opposition.  Any other motions will be subject to the normal briefing schedule under the local rules.

Any response to the petition must comport with Habeas Rule 5.  Additionally:

1. Any procedural defenses raised by respondents in this case must be raised together in a single, consolidated motion to dismiss.  In other words, the court does not wish to address any procedural defenses raised herein either in seriatum fashion in multiple successive motions to dismiss or embedded in the answer.  Procedural defenses omitted from the motion to dismiss will be subject to potential waiver.

2. Respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except under 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss, not in the answer, and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, should be included with the merits in an answer.  All procedural defenses, including exhaustion, must

3

instead be raised by motion to dismiss.

3. In any answer filed on the merits, respondents must specifically cite to and address the applicable state-court written decision and state-court record materials, if any, regarding each claim within the response as to that claim; and

4. Respondents must file a set of state court exhibits relevant to the response filed to the petition. Those exhibits must be filed chronologically and be accompanied by a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed must be identified by the number or numbers of the exhibits in the attachment. The purpose of this provision is to allow the court and any reviewing court thereafter to quickly determine from the face of the electronic docket sheet which numbered exhibits are filed in which attachments. Respondents must send a hard copy of all pleadings and indices of exhibits **ONLY** filed for this case to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, directed to the attention of "Staff Attorney" on the outside of the mailing address label.

DATED: 7 September 2021.

_____
HOWARD D. MCKIBBEN
UNITED STATES DISTRICT JUDGE