UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ALQUANDRE H. TURNER,<br><br>　　　　　　Petitioner,<br>　v.<br>RENEE BAKER, et al.,<br><br>　　　　　　Respondents. | Case No. 3:17-cv-00151-HDM-CLB<br><br>ORDER |

Respondents move to dismiss ground 1 of Alquandre H. Turner's 28 U.S.C. § 2254 habeas corpus petition as untimely. (ECF No. 39.) Turner opposed, and respondents replied. (ECF Nos. 40, 42.) The court concludes that ground 1 must be dismissed and, therefore, grants the motion.

I. **Procedural History and Background**

In April 2006, a jury convicted Turner of first-degree kidnapping with use of a deadly weapon; conspiracy to commit robbery; robbery with use of a deadly weapon; burglary while in possession of a firearm; and sexual assault while in possession of a firearm. (Exhibit 13.)[1] The charges arose from the December 2005 armed robbery of a florist in Las Vegas, Nevada. The state district court sentenced Turner to terms that amount to 20 years to life prison. (Exh. 14.) Judgment of conviction was entered on June 20, 2006. (Exh. 15.) The Nevada Supreme Court affirmed Turner's convictions in April 2007. (Exh. 29.)

---

[1] The stipulated joint exhibits are found at ECF Nos. 25-27.

1

Next, Turner submitted a federal habeas petition challenging the same judgment of conviction. (Case no. 3:08-cv-00435-BES-VPC.) In January 2009, the court dismissed the petition without prejudice due to Turner's failure to respond in any way to this court's order directing him to pay the $5.00 filing fee. (*Id*. at ECF No. 9.) In February 2014, Turner's second habeas petition challenging the same judgment of conviction was dismissed with prejudice as untimely, and judgment was entered. (Case no. 3:13-cv-00096-RCJ-WGC, ECF Nos. 10, 11.)

In October 2014, the state district court entered an amended judgment of conviction, giving Turner 154-days credit for time served. (Exh. 48.) The Nevada Supreme Court affirmed the denial of Turner's state postconviction habeas corpus petition in June 2015. (Exh. 64.) In April 2017, Turner filed this third federal habeas petition. (ECF No. 5.) Ultimately, this court appointed counsel, and Turner filed a counseled, first-amended petition in April 2022.[2] (ECF No. 38.)

II.     **Legal Standards & Analysis**

Respondents move to dismiss ground 1 of the first-amended petition, arguing that the claim does not relate back to a timely filed petition. (ECF No. 39.) The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). A new claim in an amended petition that is filed after the expiration of the AEDPA limitation period will be timely only if the new claim relates back to a claim in a timely-filed pleading under Rule 15(c) of the Federal Rules of Civil Procedure, on the basis that the

---

[2] This court had dismissed the third federal petition earlier as second and successive. Turner appealed, and the Ninth Circuit Court of Appeals held that the amended judgment of conviction awarding Turner credit for time served was a new judgment of conviction. Thus, the court of appeals deemed the current federal petition a first petition and remanded it to this court. *Turner v. Baker*, 912 F.3d 1236,1241 (9th Cir. 2019).

2

claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading. *Mayle v. Felix*, 545 U.S. 644 (2005).

In ground 1 Turner contends that the Nevada Court of Appeals erred in affirming the denial of Mr. Turner's post-conviction claims as untimely. He argues he showed good cause and prejudice to excuse the time bar, and the Nevada Court of Appeals erroneously refused to consider his ineffective assistance of counsel claims. (ECF No. 38 at 29-33.) Respondents argue that the claim is untimely and does not relate back. But a habeas petition must allege the petitioner's detention violates the constitution or federal rights. 28 U.S.C. § 2254(a); § 2241(c)(3). Instead, this is a claim of error on state postconviction review. The claim is not cognizable as a substantive claim on federal habeas review. *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989) ("a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings"). Accordingly, ground 1 is dismissed.

III. **Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 39) is **GRANTED** as follows:

Ground 1 is **DISMISSED** for failure to state a claim cognizable in federal habeas corpus.

**IT IS FURTHER ORDERED** that respondents have **60 days** from the date this order is entered to file an answer to the remaining claims in the first-amended petition.

**IT IS FURTHER ORDERED** that petitioner has **30 days** from the date that the answer is filed to file a reply in support of his petition.

DATED: 31 October 2022.

_____
HOWARD D. MCKIBBEN
UNITED STATES DISTRICT JUDGE